NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3369

TERRY S. METZENBAUM,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: January 12, 2005

_____

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Terry S. Metzenbaum ("Metzenbaum") appeals from the final decision of the Merit Systems Protection Board ("Board"), which dismissed his appeal of non-selection for a position in the Federal Protective Service as a police officer for lack of jurisdiction. Metzenbaum v. Dep't of Homeland Security, CH-3443-03-0168-I-1 (M.S.P.B. May 20, 2004 final decision). We affirm.

BACKGROUND

In 1996, Metzenbaum applied to the General Services Administration ("Agency"), now the Department of Homeland Security, seeking appointment as a police officer in the Federal Protective Service. After a background investigation, the Agency determined that Metzenbaum was unsuitable for the position due to his poor credit history. This action arises from Metzenbaum's third appeal to the Board based on his non-selection.

On December 19, 2002, Metzenbaum filed an appeal with the Board alleging that the Agency violated the Veterans' Preference Act of 1944, 58 Stat. 387 ("VPA"), by hiring a non-veteran over himself without first obtaining permission from the Office of Personnel Management ("OPM"). Metzenbaum also claimed that the Agency discriminated against him on the basis of disability discrimination due to his type-II diabetes and his political affiliation since he is related to former U.S. Senator Howard Metzenbaum.

The administrative judge ("AJ") issued an acknowledgment order requiring Metzenbaum to submit evidence and argument to prove that the Board has jurisdiction over his appeal. The acknowledgment order incorporated an order to show cause, which advised Metzenbaum that the Board will not hear claims already adjudicated and barred by the doctrine of res judicata. The order also provided the jurisdictional requirements to appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 and the Veterans Employment Opportunities Act of 1998.

Metzenbaum did not respond to the order. Instead, Metzenbaum filed a motion in which he alleged that the AJ was biased and requested that the AJ withdraw from the

appeal. Metzenbaum stated that the AJ used "all the same jurisdictional arguments that [the AJ in his prior appeal] used to dismiss the appeal with prejudice, so [he does] not have to hear it." Metzenbaum also argued that his claim is not barred because he had withdrawn his prior appeal to the Federal Circuit pursuant to a settlement agreement wherein he and the Department of Justice agreed that he could file a Board appeal alleging a violation of the VPA.

On January 22, 2003, the AJ issued an initial decision dismissing Metzenbaum's appeal on grounds of res judicata. Metzenbaum filed a petition for review seeking reconsideration of the initial decision. The Board denied Metzenbaum's petition for review, but reopened the appeal on its own motion holding that the doctrine of res judicata did not technically apply to the claims raised in Metzenbaum's prior appeals. Nevertheless, the Board held that Metzenbaum failed to allege a valid basis for jurisdiction. Accordingly, the Board vacated the initial decision and dismissed the appeal for lack of jurisdiction. Metzenbaum timely appealed to this court and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board unless we determine that its decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000). As the petitioner, Metzenbaum bears the burden of showing that the Board had jurisdiction in this matter. Minor v. Merit Sys. Prot. Bd., 819 F.2d 280, 282 (Fed. Cir. 1987).

The Veterans Employment Opportunity Act of 1998, Pub. L. No. 105-339, 112 Stat. 3182 (1998) ("VEOA") grants the Board jurisdiction to hear appeals by individuals who are preference eligible and who assert that an agency has violated their rights under any statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(d)(1) (2000). In Lapuh v. Merit Sys. Prot. Bd., 284 F.3d 1277, 1282 (Fed. Cir. 2002), we held that jurisdiction under the VEOA does not extend to events that occurred before October 31, 1998, the effective date of the VEOA. Metzenbaum has identified no law, rule, or regulation establishing Board jurisdiction to consider his claim that the Agency violated his rights under the VPA in 1996, prior to the VEOA's effective date of 1998.

Metzenbaum argues, based on his discrimination claims, that the Board should have applied 5 U.S.C. § 2302(b)(6), which prohibits agency hiring officials from granting

> any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment.

As the Board correctly held, 5 U.S.C. § 2302(b) does not provide an independent source of Board jurisdiction. Schmidt v. Dep't of Interior, 153 F.3d 1348, 1356 (Fed. Cir. 1998); Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1998).

Metzenbaum further argues, as in Lackhouse v. Merit Sys. Prot. Bd., 773 F.2d 313 (Fed. Cir. 1985), that the Board possesses jurisdiction to entertain his case as an "employment practice" appeal pursuant to 5 C.F.R. § 300.104(a).[1] To satisfy his jurisdictional burden under that provision, Metzenbaum must show that the actions in

---

[1] 5 C.F.R. § 300.104(a) provides that "[a] candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations."

question constitute employment practices, and that the OPM was involved in the administration of those practices. Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 887 (Fed. Cir. 1998). Metzenbaum has not alleged an employment practice, based on the three grounds set forth in 5 C.F.R. § 300.103, that involved administration by the OPM. See Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368, 1374 (Fed. Cir. 2003). Therefore, the Board lacks jurisdiction pursuant to Lackhouse and 5 C.F.R. § 300.104(a).

Furthermore, jurisdiction cannot be conferred based on a settlement agreement with the Department of Justice because parties cannot confer jurisdiction on the Board by agreement where jurisdiction would not otherwise exist. See Waldrop v. United States Postal Serv., 72 M.S.P.R. 12, 15 (1996). "As a limited-jurisdiction tribunal, the Board must satisfy itself that it has authority to adjudicate the matter before it, and may raise the matter of its own jurisdiction sua sponte at any time." Id.

Metzenbaum also argues that the AJ was biased against him alleging that the AJ used "all the same jurisdictional arguments that [the AJ in his prior appeal] used to dismiss the appeal with prejudice, so [he does] not have to hear it." Even accepting Metzenbaum's allegations as true, the Board's adverse rulings are not evidence of "a deep-seated favoritism or antagonism that would make fair judgment impossible" and thus, fail to prove bias. Liteky v. United States, 510 U.S. 540, 555 (1994); Bieber v. Dep't of the Army, 287 F.3d 1358, 1363 (Fed. Cir. 2002). Furthermore, Metzenbaum has offered no evidence to show that the AJ issued the initial decision to retaliate against him for asking the AJ to withdraw from the case.

We have considered all of Metzenbaum's arguments and hold that the Board properly concluded that it lacked jurisdiction over his appeal. Accordingly, we affirm.

04-3369                                          5