NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3120

CHARLES L. LIGHT,

Petitioner,

v.

SMALL BUSINESS ADMINISTRATION,

Respondent.

_____

DECIDED:  October 10, 2006

_____

Before GAJARSA, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Charles L. Light ("Light") petitions for review of the decision of the Administrative Judge ("AJ") that sustained his non-selection by the Small Business Association ("Agency") for the position of Attorney/Advisor in the Disaster Assistance Program, Disaster Area Office 2 in Atlanta, Georgia.  <u>Light v. Small Bus. Admin.</u>, No. AT-0330-05-0198-I-1 (M.S.P.B. Jul. 27, 2005) ("Initial Decision").  In Light's appeal to the Merit Systems Protection Board ("Board"), Light argued that the Agency violated his rights under the Veterans Employment Opportunity Act of 1988 ("VEOA").  The Board rejected

Light's argument and concluded that the Agency's decision not to hire Light did not violate Light's veterans' preference rights. Light v. Small Bus. Admin., No. AT-0330-05-0198-I-1 (M.S.P.B. Dec. 28, 2005) ("Final Order"). The AJ's decision became the final decision of the Board after the Board denied Light's petition for review. Because the decision of the Board is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error, we affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998). Statutory construction is a question of law that we review de novo. James v. Santella, 328 F.3d 1374, 1377 (Fed. Cir. 2003).

The VEOA provides redress for a preference eligible veteran "who alleges that an agency has violated . . . [his or her] rights under any statute or regulation relating to veterans' preference." 5 U.S.C. § 3330(a)(1)(A). Under the VEOA, veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). Section 3304(f) further provides, "This subsection shall not be construed to confer an entitlement to veterans'

06-3120                                    2

preference that is not otherwise required by law." Id. § 3304(f)(3). 5 C.F.R. § 302.101 sets forth which positions are subject to the veterans' preference appointment of procedures and lists certain positions that are wholly exempt from veteran-preference appointment procedures. Attorney positions fall within this exemption. 5 C.F.R. § 302.101(c)(9). For attorney positions, an agency need only "follow the principle of veteran preference as far as administratively feasible . . . ." Id. § 302.101(c). "[T]his means an agency must consider veteran status as a 'positive factor' in reviewing applications." Patterson v. Dep't of Int., 424 F.3d 1151, 1159 (Fed. Cir. 2005).

The AJ found, and Light does not dispute, that the Agency was aware of Light's veteran status, recalled the problems that Light caused in his prior employment, and informed Light that its decision not to hire Light was solely due to Light's negative employment history and his inability to work with others. Initial Decision, slip op. at 3. Although the Agency did not expressly state in its October 6, 2004 letter to Light that it considered his veteran status as a "positive factor" that was outweighed by the Agency's prior experience with Light, we presume that, in noting Light's veteran status, the Agency properly discharged its administrative duty to consider Light's veteran status as a "positive factor," which in this case was outweighed by Light's history with the Agency. See Miley v. Principi, 366 F.3d 1343, 1347 (Fed. Cir. 2004) ("The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties."). Because Light has not presented clear evidence sufficient to overcome the presumption of regularity, we therefore agree with the Board that Light's rights under the VEOA were not violated.

We also agree that the Board lacked jurisdiction to entertain Light's discrimination claim. The Board lacks jurisdiction over a discrimination claim except where it is accompanied by an adverse action claim over which the Board does have jurisdiction. See 5 U.S.C. § 7702(a)(1); Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc). Non-selection for employment is not an independently appealable action under 5 U.S.C. § 7702. See Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998). Because the Light's discrimination claims are not otherwise appealable, and because the provisions of VEOA give the Board no authority to adjudicate the merits of any personnel action; rather, they authorize the Board only to determine whether an agency has violated a statutory or regulatory provision relating to veteran preference, the Board may not employ VEOA to attain jurisdiction over Light's discrimination claim. See 5 U.S.C. § 3330a(a)(1)(d); See Metzenbaum v. Gen. Servs. Admin., 96 M.S.P.R. 104, ¶ 5 n.3 (M.S.P.B. 2004), aff'd, 122 Fed. Appx. 476 (Fed. Cir. 2005) (unpublished). Accordingly, because the Board has no authority to review, in a VEOA appeal, his claim of discrimination, Light has failed to satisfy his burden of showing that the Board has jurisdiction over his non-selection.

For the foregoing reasons, the Board's decision is affirmed.