NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1102

---

Petition for review of the Merit Systems Protection Board in No. DA-3443-16-0064-I-1.

---

Decided: June 13, 2024

---

RICHARD A. BECKER, Coram, NY, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, REYNA, and STARK, *Circuit Judges.*

PER CURIAM.

Richard Becker appeals a final decision of the Merit Systems Protection Board ("Board") dismissing Mr. Becker's claims for lack of jurisdiction. We conclude that Mr. Becker has not pled a mixed case (*i.e.*, a case including a claim of discrimination), and we therefore have jurisdiction over his appeal. However, because we agree that the Board lacked jurisdiction, we *affirm*.

## BACKGROUND

Mr. Becker was an employee with the Army & Air Force Exchange Service ("AAFES") from May 21, 1962, until April 24, 1966, when he resigned. AAFES is a Nonappropriated Fund Instrumentality ("NAFI"). According to Mr. Becker, he has applied for AAFES positions and for reinstatement at AAFES every year since 1968, but his applications were unsuccessful. Mr. Becker claims that AAFES, in rejecting his applications, was making an improper suitability determination based on his marital status (marriage to a Japanese woman). He also alleges AAFES violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA") in denying reinstatement.

In an initial decision, the administrative judge of the Board dismissed Mr. Becker's claims for lack of jurisdiction. Mr. Becker appealed and, in a final decision, the Board affirmed the administrative judge's dismissal for lack of jurisdiction. Mr. Becker petitions for review.

We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9) if Mr. Becker's case is not a mixed case.

## DISCUSSION

### I

"When an employee complains of a personnel action serious enough to appeal to the [Board] and alleges that the

action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012); *see also Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424 (2017) (quoting *Kloeckner*). "A mixed case is one in which a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the [Board] and (2) attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws." *Harris v. Sec. & Exch. Comm'n*, 972 F.3d 1307, 1317 (Fed. Cir. 2020); *see* 5 U.S.C. § 7702(a)(1). While "the Board has jurisdiction to hear appeals of mixed cases, [the Federal Circuit] do[es] not." *Harris*, 972 F.3d at 1318. For mixed cases, jurisdiction to review the Board lies in the district court, including "when the [Board] types its dismissal of a mixed case as 'jurisdictional,'" unless the jurisdictional allegation is frivolous. *Perry*, 582 U.S. at 423. We hold that Mr. Becker has not presented a mixed case.

Mr. Becker alleges that he was not selected for a position at AAFES because he was found not suitable due to discrimination based on his marriage to a Japanese woman. The Board clearly lacked jurisdiction over Mr. Becker's negative suitability determination because Mr. Becker merely challenges his non-selection. "OPM regulations make clear that not every 'suitability determination' gives rise to an appealable 'suitability action.'" *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 757 (Fed. Cir. 2020). The regulations provide that "[a] non-selection . . . is not a suitability action." 5 C.F.R. § 731.203(b); *see also Ricci*, 953 F.3d at 757. The fact that Mr. Becker is alleging discrimination does not change the fact that he is challenging the suitability determination. Because Mr. Becker alleges jurisdiction based on his negative suitability determination, and this jurisdictional allegation is frivolous, he does not present a mixed case.

Mr. Becker's USERRA reinstatement claim likewise cannot be based on bias prohibited by federal

antidiscrimination laws.   "USERRA only addresses whether an applicant was discriminated against because of military service; it is not a general anti-discrimination statute." *Jolley v. Dep't of Hous. & Urb. Dev.*, 299 F. App'x 969, 972 (Fed. Cir. 2008) (nonprecedential); *see also Durr v. Merit Sys. Prot. Bd.*, 844 F. App'x 329, 331 n.2 (Fed. Cir. 2021) (nonprecedential) ("We agree with the [g]overnment's explanation that although [petitioner] made allegations of disability discrimination before the [Board] . . . as a jurisdictional matter these allegations cannot be considered in the context of a USERRA complaint, which is limited to adjudication of discrimination claims based on military status.   A USERRA case cannot be a 'mixed case' . . . ." (internal citations omitted)); *see also Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327 (Fed. Cir. 2020) (holding that in the Whistleblower Protection Act context "[d]iscrimination claims may not be raised").

Similarly, VEOA claims are limited to violations of statutes or regulations concerning veterans' preference for employment.   "[B]ecause the provisions of VEOA . . . authorize the Board only to determine whether an agency has violated a statutory or regulatory provision relating to veteran preference, the Board may not employ VEOA to attain jurisdiction over [petitioner's] discrimination claim." *Light v. Small Bus. Admin.*, 208 F. App'x 819, 821 (Fed. Cir. 2006) (nonprecedential).

Thus, Mr. Becker's suitability, USERRA, and VEOA claims are not mixed cases, and we have jurisdiction.

## II

"The scope of our review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995); 5 U.S.C. § 7703(c).   We

review the Board's finding that it lacked jurisdiction de novo. *Forest*, 47 F.3d at 410. We conclude that the Board lacked jurisdiction.[1] We have already determined that the Board lacked jurisdiction over the suitability claims. The same is true of his other claims.

### A. USERRA Claim

USERRA, codified at 38 U.S.C. §§ 4301–4335, affords various protections to current and former military service members with respect to their employment. Sections 4312–4318 of Title 38 cover an agency's failure to meet reemployment obligations following an absence from civilian employment to perform uniformed service. The statute provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter" if the statutory requirements are met. 38 U.S.C. § 4312(a).

Mr. Becker's 1966 resignation from AAFES was not "necessitated by reason of service in the uniformed services." In his resignation letter, Mr. Becker explained he left AAFES due to dissatisfaction with his job. Mr. Becker admits that he did not join the U.S. Army until 1972, six years after his resignation from AAFES. We therefore agree with the Board's finding that it lacked jurisdiction over Mr. Becker's claim that his resignation can somehow be related to his military service.

---

[1]    The government argues that the Board lacks jurisdiction over Mr. Becker's claims because NAFI employees "have no right to appeal adverse personnel actions to the Board." Respondent's Informal Br. at 27; *see generally AINS, Inc. v. United States*, 365 F.3d 1333 (Fed. Cir. 2004). We need not reach this issue because we dispose of Mr. Becker's claims on other grounds.

Mr. Becker asserts that he was improperly denied reemployment after his military service. Section 4311 of Title 38 also prohibits discrimination on the basis of military service. "An employee who makes a discrimination claim under USERRA bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). There is no dispute here that Mr. Becker performed military service and was honorably discharged. The administrative judge found that Mr. Becker "failed, however, to make any non-frivolous allegation of fact which, if proven, could show that his military status was a motivating or substantial factor in [AAFES's] decision not to select him for any position." S.A. 19. We agree.

## B. VEOA Claim

To establish Board jurisdiction for a VEOA claim,

[A]n appellant must (1) show that he exhausted his remedies with the [Department of Labor ('DOL')] and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's preference.

*Lazaro v. Dep't of Veterans Affs.*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (first alteration in original); *see also* 5 U.S.C. § 3330a.

Mr. Becker has not shown that he exhausted his remedies with the DOL. Under 5 U.S.C. § 3330a(d)(1), "[i]f the Secretary of Labor is unable to resolve a complaint . . . within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the

[Board]." Such an appeal to the Board "may not be brought unless . . . the complainant first provides written notification to the Secretary of such complainant's intention to bring such appeal." *Id.* § 3330a(d)(2)(A). Additionally, evidence of said written notification to the Secretary must be included with the notice of appeal to the Board. *Id.* § 3330a(d)(2)(B).

Mr. Becker contended that he "filed as instructed a complaint with the US DOL Vets Training Office." S.A. 67. However, Mr. Becker has not shown that he provided written notification to the Secretary of his intention to appeal to the Board. Therefore, Mr. Becker has not exhausted his remedies with the DOL. The Board correctly found that it lacked jurisdiction over Mr. Becker's VEOA claim.

### AFFIRMED

COSTS

No costs.