**Kay Coles JAMES, Director, Office of Personnel Management, Petitioner,**

v.

**Frank SANTELLA and Joseph Jech, Respondents,**

and

**Merit Systems Protection Board, Respondent.**

**No. 02–3118.**

United States Court of Appeals, Federal Circuit.

May 13, 2003.

Civil Division, Department of Justice, of Washington, DC, argued for petitioner. With her on the brief was David M. Cohen, Director. Of counsel on the brief were Steven E. Abow, Deputy Assistant General Counsel, and David T. Truong, Attorney, Office of General Counsel, Office of Personnel Management, of Washington, DC.

William L. Bransford, Shaw, Bransford, Veilleux & Roth, of Washington, DC, argued for respondents Frank Santella and Joseph Jech. With him on the brief was Diana J. Veilleux.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent Merit Systems Protection Board. With him on the brief was Martha B. Schneider, Acting General Counsel.

Before LINN, DYK, and PROST, Circuit Judges.

PROST, Circuit Judge.

The Director of the Office of Personnel Management ("OPM") petitions this court pursuant to 5 U.S.C. § 7703(d) for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board"), Nos. CB–1215–91–0007–R–1, CB–1215–91–0008–R–1, interpreting 5 U.S.C. § 1204(m)(1) to authorize an award of attorney fees to a prevailing employee who is found to be "substantially innocent" of charges made by the Office of Special Counsel ("OSC") in a complaint to the Board. Because we conclude that the Board acted permissibly and lawfully in adopting the "substantially innocent" standard, we affirm.

I

Patricia M. McCarthy, Senior Trial Counsel, Commercial Litigation Branch,

In 1990, the OSC, an independent agency authorized to investigate and prosecute

allegations of prohibited personnel practices, filed a complaint against federal employees Frank Santella and Joseph Jech, charging retaliation in violation of the Whistleblower Protection Act (the "WPA"), 5 U.S.C. § 2302(b)(8). The charges against respondent-employees Santella and Jech (collectively "Santella") were initially sustained by the MSPB's Chief Administrative Law Judge (hereinafter "Administrative Judge"). However, due to the intervening decision of this court in *Eidmann v. Merit Systems Protection Board*, 976 F.2d 1400, 1406 (Fed. Cir.1992), holding that the "significant factor" rather than the "contributing factor" standard applies to OSC disciplinary actions that allege violations of the WPA, the Board vacated the Administrative Judge's initial recommended decision and remanded the case for a new determination under the appropriate standard. *Special Counsel v. Santella*, 65 M.S.P.R. 452, 456–64 (1994) ("*Santella I*"). The Board also directed that additional findings be made with respect to certain issues. *Id.* at 466–67. On remand, the Administrative Judge made the factual findings directed by the Board and, applying the correct "significant factor" standard, concluded that none of the four counts charged in the OSC complaint could be sustained. The Board adopted the second recommended decision and dismissed OSC's complaint. *Special Counsel v. Santella*, 77 M.S.P.R. 672 (1998) ("*Santella II*").

Santella subsequently filed a motion pursuant to 5 U.S.C. § 1204(m)(1)[1] contending that he was entitled to attorney fees because he was the "prevailing party" and had been proven "substantially innocent" of the charges. The Administrative Judge, in an addendum initial decision, awarded a portion of the attorney fees sought. OSC filed a petition for review, arguing for a narrower standard that would make it more difficult for prevailing parties to qualify for attorney fees. The Board affirmed the Administrative Judge's decision as modified, holding that a prevailing employee found "substantially innocent" of the charges against him in an OSC disciplinary action may be awarded attorney fees under 5 U.S.C. § 1204(m)(1). *Santella v. Special Counsel*, 86 M.S.P.R. 48, 56–62 (2000) ("*Santella III*").

In reaching its determination, the Board recognized that 5 U.S.C. § 1204(m)(1) specifically required that, in order to establish entitlement to attorney fees, the prevailing party must demonstrate that the fees are "warranted in the interest of justice." *Santella III*, 86 M.S.P.R. at 59. Based largely on the fact that the language of 5 U.S.C. § 1204(m)(1) is virtually identical to that of another attorney fee provision administered by the Board—5 U.S.C. § 7701(g)(1)—the Board reasoned that it was appropriate to look to the manner in which "warranted in the interest of justice" had been construed in the context of section 7701(g)(1) as a guide for defining the identical language in section 1204(m)(1). Thus, it concluded that the "substantially innocent" category, adopted in *Allen v. United States Postal Service*, 2 MSPB 582, 2 M.S.P.R. 420, 428–35 (1980), for cases arising under 5 U.S.C. § 7701(g)(1), "is applicable to cases arising under 5 U.S.C. § 1204(m)(1)." *Santella III*, 86 M.S.P.R. at 64. Accordingly, because it found Santella to be a "prevailing party" as well as "substantially innocent," the Board upheld the grant of attorney fees. *Id.* at 64–66.

---

**1.** This provision was enacted as part of the Office of Special Counsel Reauthorization Act of 1994, Pub.L. No. 103–424, 108 Stat. 4361, ("OSC Reauthorization Act").

After the Board denied OPM's petition for reconsideration, *Santella v. Special Counsel,* 90 M.S.P.R. 172 (2001) (*"Santella IV"*), OPM petitioned this court for review pursuant to 5 U.S.C. § 7703(d). By order dated February 1, 2002, this court granted review.

## II

The scope of our review in any appeal from a decision of the Board is defined by statute. We must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

■ Issues of statutory construction are reviewed by this court *de novo. Doyon, Ltd. v. United States,* 214 F.3d 1309, 1314 (Fed.Cir.2000); *Strickland v. United States,* 199 F.3d 1310, 1313 (Fed.Cir.1999); *see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent." (citations omitted)).

## III

■ The crux of OPM's argument on appeal is that the Board unlawfully construed 5 U.S.C. § 1204(m)(1) by concluding that the "substantially innocent" category articulated in *Allen v. United States*

*Postal Service,* 2 MSPB 582, 2 M.S.P.R. 420 (1980),[2] in the context of 5 U.S.C. § 7701(g)(1), is an appropriate standard for determining whether a grant of attorney fees is "warranted in the interest of justice." In essence, OPM advocates a more stringent test here, which would make it much more difficult for prevailing parties to qualify for attorney fees. In the course of making this argument, OPM challenges the adequacy and correctness of the Board's basic statutory construction analysis, and then goes on to offer several more specific arguments as to why, in its view, the Board's ultimate conclusion cannot be sustained. Thus, we begin with a discussion and analysis of the statute and the Board's statutory construction before turning to OPM's more specific arguments.

As noted above, section 1204(m)(1) was enacted as part of the OSC Reauthorization Act. This section provides that:

Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case arising under section 1215, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is *warranted in the interest of justice,* including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

5 U.S.C. § 1204(m)(1) (emphasis added).

The language of this provision is virtually identical to that of 5 U.S.C. § 7701(g)(1),

**2.** *Allen* is the seminal case interpreting this phrase in the context of section 7701(g)(1). The Board, in *Allen,* articulated several nonexclusive criteria that would support a finding

that the "warranted in the interest of justice" requirement had been met. These criteria are commonly referred to as the *Allen* categories.

which authorizes attorney fees to prevailing employees who successfully challenge certain adverse actions taken by their employing agencies.[3] In dispute here is the proper interpretation and application of the phrase "warranted in the interest of justice," which, along with being a "prevailing party," is one of the two statutory criteria for the award of attorney fees under both sections 7701(g)(1) and 1204(m)(1). The phrase "warranted in the interest of justice" is not statutorily defined as to either provision.

The Board summarized its reasons for concluding that *Allen's* "substantially innocent" category could be applied to section 1204(m)(1) in *Santella IV* as follows:

> In the Reauthorization Act, Congress enacted an attorney fees provision for OSC disciplinary actions that is substantially identical to the attorney fees provision applicable to cases arising under the Board's appellate jurisdiction. *Compare* 5 U.S.C. § 1204(m)(1) with 5 U.S.C. § 7701(g)(1). Generally, words or phrases in a statutory provision that were used in a prior act pertaining to the same subject matter will be construed in the same sense. *Marks v. United States*, 161 U.S. 297, 302, 31 Ct.Cl. 453, 16 S.Ct. 476, 40 L.Ed. 706 (1896); *Sutherland Stat. Const.* § 51.02 (5th ed.1992). Congress is presumed to have been aware of the existing interpretations of section 7701(g)(1) when it

enacted section 1204(m)(1). *Lorillard v. Pons*, 434 U.S. 575, 580, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Further, the legislative history of the new attorney fees provision identified section 7701(g) as the model for that provision.

*Santella IV*, 90 M.S.P.R. at 176–77.

From this analysis, the Board concluded that the "substantially innocent" standard that had been adopted in the context of section 7701(g)(1) "provides an appropriate basis for an award of fees under the interest of justice [requirement] in section 1204(m)(1)." *Id.* at 179. In doing so, however, the Board clarified that it did "not mean to suggest that the Board will automatically apply every interpretation of the interest of justice standard under section 7701(g)(1) to cases under section 1204(m)(1)."[4]

We conclude that the statutory construction does not preclude the application of the *Allen* categories to cases brought under section 1204(m)(1). As noted above, the phrase "warranted in the interest of justice" is not statutorily defined, and this phrase might therefore appropriately be subject to any number of different interpretations and applications. However, as the Board noted, we cannot ignore the fact that Congress, in enacting section 1204(m)(1), chose to use language that is virtually identical to that of section 7701(g)(1).[5] Thus, although we do not conclude that Congress intended to dictate

---

3. The two provisions are identical except for the addition of the words "arising under section 1215" in 5 U.S.C. § 1204(m)(1) after the words "designated to hear a case."

4. *Santella IV*, 90 M.S.P.R. at 179; *see also Santella III*, 86 M.S.P.R. at 60 n. 8 (declining to reach the question of whether the other *Allen* categories apply to cases under section 1204(m)(1)).

5. Notably, the Supreme Court has held that it is generally appropriate to interpret similar language in attorney fee provisions in the same manner, which bolsters our conclusion that the *Allen* categories may appropriately be applied to cases arising under section 1204(m)(1). *See, e.g., Ruckelshaus v. Sierra Club*, 463 U.S. 680, 691, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983) (similar attorney fee provisions should be interpreted *pari passu* ); *Indep. Fed'n of Flight Attendants v. Zipes*, 491

that the two provisions be applied in precisely the same manner, there is certainly nothing to suggest that Congress intended to preclude this outcome. Therefore, in our view, in enacting section 1204(m)(1) Congress left the precise definition and application of "warranted in the interest of justice" to the Board's discretion. We accord deference in this particular case to the Board's interpretation of a statutory provision authorizing it to grant attorney fees. We therefore apply that deference as we turn to OPM's more specific challenges and consider whether the Board's decision was reasonable and permissible.

## IV

OPM makes three principal, and to a certain extent overlapping, arguments as to why the Board's application of the "substantially innocent" category from the *Allen* framework to section 1204(m)(1) was erroneous.[6] First, OPM contends that the contexts in which sections 1204(m)(1) and 7701(g)(1) apply are so fundamentally different that the Board was precluded from adopting the "significantly innocent" standard of section 7701(g)(1) for application to section 1204(m)(1). Second, OPM argues that, in the context of OSC disciplinary actions, the prerequisites for a finding of "substantial innocence"—which under *Allen* satisfies the "warranted in the interest of justice" requirement—will be identical to those necessary to demonstrate "prevailing party" status. Thus, according to

OPM, the result is an unlawful conflation of the distinct statutory requirements that an employee be a "prevailing party" and that an award of attorney fees be "warranted in the interest of justice." Third, OPM argues that application of the "substantially innocent" standard will chill enforcement of the WPA by subjecting OSC to potential liability for attorney fees, thereby contravening Congress's intent in enacting the OSC Reauthorization Act of ensuring vigorous enforcement.

In an additional fourth contention, OPM, in reasoning first fully articulated at oral argument, argues that employees who succeed in defending OSC enforcement actions cannot, as a matter of law, be "prevailing parties" because the Board's failure to sustain charges does not result in the type of material alteration in the legal relationship between the charged employee and OSC that is necessary to permit an award of attorney fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (articulating this requirement). We address these arguments in turn.

## A

On appeal, OPM first contends that the Board erred in adopting the "substantially innocent" *Allen* criterion because the Board did not sufficiently take into account the "materially different contexts" in which sections 7701(g)(1) and 1204(m)(1)

U.S. 754, 758 n. 2, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (noting that similar language in fee-shifting statutes reveals "a strong indication that they are to be interpreted alike" (internal quotation marks omitted)); *Northcross v. Bd. of Educ.*, 412 U.S. 427, 428, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) ("[S]imilarity of language ... is, of course, a strong

indication that ... two [attorney fee] statutes should be interpreted *pari passu*.").

**6.** Notably, at oral argument, OPM clarified the scope of its argument as it relates to the "substantially innocent" category by expressly limiting its appeal to a "facial" rather than an "as applied" challenge of the Board's decision.

apply. OPM's main assertion in support of its argument appears to be that the Board "viewed the language of the two statutes in a vacuum, overlooking the materially different contexts within the civil service system in which these two statutes operate," resulting in the Board's adoption of an unlawful standard.

We conclude that OPM has failed to demonstrate that the differences between cases brought under section 7701(g)(1) and those brought under section 1204(m)(1) preclude application of the "substantially innocent" standard in section 1204(m)(1) cases. We agree with the Board that, "while OSC's interests in bringing a disciplinary proceeding under 5 U.S.C. § 1215 differ somewhat from the interests of an employing agency, the nature of charges an employing agency brings against its own employee may be quite similar to the nature of charges OSC may bring." *Santella III*, 86 M.S.P.R. at 61. We find that, after analyzing the various similarities and differences between the actions brought by employing agencies and OSC—as well as OSC's distinct role in the civil service system—the Board reasonably concluded that the differences were not sufficiently significant to preclude application of the "substantially innocent" *Allen* category. *Id.* at 61–63. We therefore reject OPM's arguments to the contrary.

We also reject OPM's related argument that the Board was required to adopt a different standard here because its precedents demonstrate a practice of modifying its application of *Allen* to fit the unique characteristics of certain types of cases. OPM relies on, *inter alia*, cases in which the Board has recognized that the "concept of substantial innocence is inapplicable in the retirement-related appeal context, where no charges of misconduct are leveled against the employee."[7] OPM also cites cases in which the Board ruled that it would interpret the "warranted in the interest of justice" language of section 7701(g)(1) differently in certain employee-initiated actions, such as disability retirement cases, when the employee has brought the burden of litigation on himself.[8]

We are not persuaded that the Board's modification of how it applies *Allen* in the cases cited by OPM precludes it from applying the "substantially innocent" standard in section 1204(m)(1) cases. Unlike the retirement-related appeals in which an employee's guilt or innocence is simply not a factor—therefore rendering an inquiry into "substantial innocence" meaningless—an OSC disciplinary action is based on charges of malfeasance of which the employee must be found either guilty or innocent to resolve the case. Also, because OSC initiates disciplinary actions, it is impossible for employees to be responsible for the costs of litigation in the same manner as the disability retirement cases cited by OPM. Additionally, OSC disciplinary actions clearly have the potential to force employees to defend themselves against unsubstantiated accusations, imposing precisely the type of burden that fee-shifting is intended to ameliorate. Accordingly, we

**7.** *Simmons v. Office of Pers. Mgmt.*, 31 M.S.P.R. 559, 565 (1986). Similarly, OPM cites the Board's conclusion that "the 'substantially innocent' circumstance is irrelevant" in reduction-in-force cases "because the [former employee's] innocence is not an issue" in such cases. *Johnson v. Dep't of the Interior*, 24 M.S.P.R. 209, 213 (1984).

**8.** *See Kent v. Office of Pers. Mgmt.*, 33 M.S.P.R. 361, 368–70 (1987); *Callan v. Office of Pers. Mgmt.*, 34 M.S.P.R. 150, 153–55 (1987).

find that the Board correctly concluded that the cases cited by OPM do not require that the Board abandon or modify the "substantially innocent" category in the manner urged by OPM.[9] Therefore, we reject OPM's arguments to the contrary.

For the same reasons, we reject OPM's further argument that the Board was required to adopt a more stringent standard in section 1204(m)(1) cases, such as the the standard applicable in Title VII cases or under the Equal Access to Justice Act.[10] Moreover, we find that the attorney fee provisions cited by OPM as providing more appropriate standards are so different from section 1204(m)(1) in both language and purpose that the Board acted reasonably in declining to adopt a standard derived from one of these other provisions.

## B

We next address OPM's second and related contention that the Board's application of the "substantially innocent" standard to section 1204(m)(1) "necessarily collapses the distinction between the statutory requirement that an employee be a 'prevailing party' and the separate statutory requirement that a fee award be 'warranted in the interest of justice.'" OPM argues that because OSC disciplinary actions are "all or nothing propositions," without the possibility of partial victories or mitigation of penalties, an employee cannot prevail in such actions without also being automatically found "substantially innocent." Thus, OPM asserts that, by conflating these two statutory requirements, the Board's interpretation "effectively renders superfluous" the "warranted in the interest of justice" requirement of section 1204(m)(1), thereby violating the general rule against construing a statute in a way that renders one of its parts inoperative. *See, e.g., Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (counseling against statutory constructions that have this effect).

We find OPM's argument unpersuasive for at least two reasons. First, OSC clearly may bring multiple charges against an employee in an enforcement action. It is not clear to this court why in cases where OSC brings multiple charges it is not possible—or even probable—that at least some charges will sometimes be sustained

---

9. OPM also asserts that the "MSPB does not make any pretense that the [B]oard undertook a careful analysis in this case" with respect to its argument that the Board was required to "follow the practice it used in *Kent* and *Callan.*" Citing *Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 852 (D.C.Cir.1970), OPM claims that the Board "has not genuinely engaged in reasoned decision-making." OPM also asserts that the Board failed to provide the type of " 'reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored' " that is required when an administrative agency departs from a settled course or policy. *Id.* (citation omitted). As stated above, we conclude that the precedents relied on by OPM do not require the Board to adopt some type of modified standard. It necessarily follows that the Board could not have been "departing" from a well-settled policy by refusing to do so. Moreover, even if the Board were departing from a previous policy, we find that it has provided a more than adequate explanation for its decision.

10. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (holding grant of fees under 42 U.S.C. § 20002–5(k) appropriate where action is "frivolous, unreasonable, or without foundation"); *See also* 5 U.S.C. § 504 (1996 & Supp.2003) (attorney fees unavailable under the Equal Access to Justice Act where "the position of the agency was substantially justified or ... special circumstances make an award unjust").

when others are not, resulting in only a partial victory for the charged employee that would not "automatically" result in either "prevailing party" status or a finding of "substantial innocence." OPM has not explained why the Board's decision would preclude an employee from being found to be a "prevailing party" but not "substantially innocent" in such cases.

In addition to the possibility of such partial victories, the Board in its brief points to precedents of this court demonstrating various circumstances in which an employee might be found to be a prevailing party but not substantially innocent. For example, in *Sterner v. Department of the Army*, this court upheld the Board's denial of attorney fees to an employee who confessed to two of five charges and successfully defended against the remaining three. 711 F.2d 1563, 1567–69 (Fed.Cir. 1983). Thus, although the employee technically prevailed on every contested charge, the Board concluded that he was not "substantially innocent" and therefore ineligible for attorney fees. *Id.* Another example is *Wise v. Merit Systems Protection Board*, 780 F.2d 997, 1000–01 (Fed. Cir.1985), where an employee who prevailed before the Board was found not to be substantially innocent because he deliberately withheld exculpatory evidence from his employing agency. *See also, e.g., Dunn v. Dep't of Veterans Affairs*, 98 F.3d 1308, 1313–14 (Fed.Cir.1996) (holding employee to be prevailing party, but denying fees due to demonstration of culpability associated with charged conduct).

Finally, we briefly address OPM's assertion that the Board *expressly* held that any employee against whom no charges are sustained in an OSC enforcement action will automatically be found to be both a "prevailing party" and "substantially innocent." In making this assertion, OPM relies heavily on the Board statement that it could "not see any basis for finding that unsustained charges can justify a conclusion that an employee was not found to be substantially innocent of the charges." *Santella III*, 86 M.S.P.R. at 65. OPM also prominently quotes the Board's conclusion that "[i]n this case, as indicated above, all the charges were unsustained. Clearly, therefore, the petitioners were 'substantially innocent.'" *Id.* We believe that OPM's reliance on these statements is misplaced. In response to OSC's claim that adopting the "substantially innocent" standard would result in "strict liability," the Board explained that it "has consistently stated that it will not automatically award fees under the substantially innocent criterion simply because a charge, or charges, were not sustained." *Id.* (citations omitted). Thus, the Board explicitly rejected the holding that OPM contends it adopted. Therefore, reading the statements upon which OPM relies in the context of the entire decision, we conclude that the Board did not adopt the rule that an employee who prevails on all charges in an OSC disciplinary action will automatically be found "substantially innocent." [11]

### C

OPM's penultimate argument is that adoption of the "substantially innocent"

---

11. Indeed, the language relied on by OPM appears not in the Board's analysis of whether the "substantially innocent" category should apply to section 1204(m)(1), but in the subsequent discussion of whether Santella was *in fact* "substantially innocent." Moreover, this language must be read in conjunction with the Board's rejection of OSC's contention that findings from the Administrative Judge's initial recommended decision could not be used to demonstrate that Santella was not "substantially innocent" because that decision had been vacated. *Santella III*, 86 M.S.P.R. at 64–65.

standard would impermissibly chill OSC's enforcement activities by subjecting it to substantial potential liability for attorney fees, thereby frustrating Congress's central purpose in enacting the OSC Reauthorization Act of increasing vigorous enforcement of the WPA. OPM contends that the threat of liability would discourage OSC from "prosecuting all but the most ironclad and safest of cases" undermining the OSC Reauthorization Act's clear legislative intent.

We find OPM's argument unpersuasive because we cannot accept its underlying premise that Congress' intent that OSC vigorously enforce the WPA is necessarily inconsistent with authorizing prevailing employees found to be substantially innocent to recoup attorney fees from OSC. As the Board stated in *Santella IV*:

> Indeed, Congress' primary purpose in passing the Reauthorization Act was to invigorate OSC's enforcement activities. S.Rep. 103–358 at 1–2. However, by enacting an attorney fees provision, Congress manifested its intent to defray the costs incurred by a federal employee in successfully defending an OSC disciplinary action. It is the prerogative of Congress to strike a balance among these various interests. *See Muwwakkil v. Office of Personnel Management*, 18 F.3d 921, 925 (Fed.Cir.1994) (the burden that compliance with a statutory requirement places on an agency is a matter for Congress to consider, not the Board); *Newman v. Love*, 962 F.2d 1008, 1013 (Fed.Cir.1992) (an agency may not rewrite a statute to contain costs or to avoid what it views as an inappropriate allocation of benefits).

*Santella IV*, 90 M.S.P.R. at 177.

We agree with the Board that Congress's intent to invigorate OSC enforcement in no way categorically precludes a separately manifested intent that employees who successfully defend an OSC disciplinary action recoup attorney fees. Because the goal of invigorating OSC enforcement is not inherently inconsistent with the objective of defraying the cost to defending employees subjected to unsuccessful OSC enforcement actions, we cannot conclude that the Board's decision violates clearly expressed Congressional intent or that the Board acted unreasonably in rejecting OPM's arguments to the contrary.[12]

D

In its final contention, which was first fully articulated at oral argument, OPM appears to assert that employees against whom OSC enforcement actions are not sustained cannot be "prevailing parties" under the Supreme Court's recent jurisprudence. OPM's reasoning, as we understand it, is that an accused employee in an OSC enforcement action cannot "prevail" as a matter of law because an employee who begins the proceedings with the presumption of innocence and is subsequently found to be innocent has not effected the " 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

While we typically do not address issues that are raised for the first time at oral argument, we choose to do so here because OPM based its argument, at least in part,

---

12. To the extent that OPM asserts that the policy objectives of vigorous enforcement and permitting recoupment of attorney fees are in conflict, we note that OPM's concerns are more appropriately directed to Congress.

on an intervening Supreme Court case.[13] Accordingly, we consider and reject OPM's final contention. If a defendant employee in an OSC action who is successful in defending each and every charge brought by OSC cannot, as a matter of law, be considered a "prevailing party," then it is difficult to imagine circumstances in which *any* employee defending against an OSC complaint would be a prevailing party. In short, OPM's proffered reading would effectively render section 1204(m)(1) a nullity and is not, in our view, compelled by Supreme Court precedent.[14] For this reason, we decline to adopt OPM's interpretation.

We have considered all of the remaining arguments properly presented to us by OPM and find them unpersuasive and lacking in merit.

## CONCLUSION

For the reasons stated above, the decision of the Board is affirmed.

*AFFIRMED.*

---

**13.** *See Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed.Cir.1985) (holding that arguments not made before the Board cannot generally be raised on appeal). We also note that it appears from the record that this argument may have been waived in the proceedings before the Board. *Santella III,* 82 M.S.P.R. at 59 ("OSC does not argue on review that the petitioners were not the prevailing parties.").

**14.** *See In re Chapman,* 166 U.S. 661, 667, 17 S.Ct. 677, 41 L.Ed. 1154 (1897) ("[N]othing is better settled, than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion."); *Kelly v. United States,* 826 F.2d 1049, 1052–53 (Fed.Cir.1987) (same).