**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 45**

Docket No. DE-1221-09-0320-P-2

**Alvern C. Weed,**

**Appellant,**

**v.**

**Social Security Administration,**

**Agency.**

December 21, 2016

Bryan Charles Tipp, Esquire, Missoula, Montana, for the appellant.

Mary L. Senoo, Esquire, Patrick W. Carlson, Esquire, and Mary Thorson, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1　　The appellant has filed a petition for review of an addendum initial decision that granted, in part, his motion for damages arising from his successful appeal filed under the Veterans Employment Opportunities Act of 1998 (VEOA).[1]

---

[1] The appellant's various addendum actions that followed his successful VEOA appeal in MSPB Docket No. DE-3330-08-0490-B-2—including the instant motion for damages—were docketed pursuant to MSPB Docket No. DE-1221-09-0320-B-1, as this served as the lead docket number when the appellant's VEOA, individual right of action, and Uniformed Services Employment and Reemployment Rights Act of 1994 appeals were previously joined for processing before the Board. *See infra* ¶¶ 2-3.

For the following reasons, we GRANT the appellant's petition for review and AFFIRM the addendum initial decision AS MODIFIED by this Opinion and Order, awarding the appellant compensation for any lost wages *and* benefits.

## BACKGROUND

The appellant, a 10-point compensable preference-eligible veteran, formerly worked as a GS-1102-11 Lead Contract Specialist with the Department of the Air Force. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 2, 8 (2010). In 2008, the appellant filed appeals alleging that the agency violated his veterans' preference rights, MSPB Docket No. DE-3330-08-0490-I-1, and discriminated against him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), MSPB Docket No. DE-4324-09-0086-I-1. *Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶ 3 (2009). The appellant asserted that between 2006 and 2007, the agency filled four vacancies in Kalispell, Montana, under the noncompetitive authority of the Federal Career Intern Program (FCIP) without providing public notice of the vacancies and without advising him of the vacancies or otherwise providing him with an opportunity to compete for the vacancies. *Id.*, ¶¶ 3-4 n.1. The appellant claimed that the agency used the FCIP as an "intentional artifice" to exclude him from the opportunity to compete for the positions. *Id.*, ¶ 3. The Board later joined these appeals with an individual right of action (IRA) appeal, MSPB Docket No. DE-1221-09-0320-W-1, that the appellant filed regarding his nonselection for the same four vacancies. *Weed*, 113 M.S.P.R. 221, ¶¶ 4-5; *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-B-1, Remand File (RF), Tab 4.

In a remand initial decision, the administrative judge granted corrective action in the VEOA appeal, but denied corrective action in the USERRA and IRA appeals. RF, Tab 65, Remand Initial Decision at 4, 48. On petition for review, the Board affirmed the remand initial decision, finding, as pertinent here, that the

agency violated the appellant's veterans' preference rights and his right to compete under VEOA. *Weed v. Social Security Administration*, MSPB Docket Nos. DE-1221-09-0320-B‑1, DE-3330-08-0490-B-2, DE-4324-09-0086-B-2, Final Order (Final Order) at 2, 6-9 (Sept. 10, 2012). The Board ordered the agency to reconstruct the hiring process for the four vacancies. *Id.* at 12-14. The agency then made a job offer to the appellant on October 9, 2012, retroactive to September 5, 2006, the date on which the agency filled the first of the positions in question. *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-C-1, Compliance File (CF), Tab 3 at 14, Tab 8 at 17, 20. In the meantime, however, the appellant had retired in 2008. *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-P-2, Appeal File (P-2 AF), Tab 1 at 19. He did not accept the position offered to him by the agency and does not seek an appointment to a position as a remedy in this case. *Id*. at 15, 19-21. The agency never reconstructed the hiring process and conceded, on March 29, 2013, that the appellant would have been entitled to the positions absent its violating his veterans' preference rights. CF, Tab 8 at 5-15, 19.

¶4  The appellant filed this petition for damages with the Board seeking compensation for lost wages and benefits, expenses he incurred as a result of the violation, and liquidated damages based on his assertion that the agency's violation was willful. P-2 AF, Tab 1 at 7-13. After a hearing, the administrative judge found that the agency had conceded that the appellant would have been entitled to the positions at issue but for its violating his veterans' preference rights. P-2 AF, Tab 36, Addendum Initial Decision (AID) at 1, 3. The administrative judge, therefore, held that the appellant was entitled to lost wages from the selection date that it appointed an individual to the first of the four positions at issue, i.e., September 5, 2006, until such time as the appellant was placed in the position at issue or declined the position at issue, i.e., October 17, 2012. AID at 4-5, 8; CF, Tab 8 at 17-20. She concluded that the appellant's

request for retirement service credit for this period was premature because the Office of Personnel Management had not issued a final determination on that issue and there was no basis for an award of retirement credit pursuant to his motion for damages. AID at 5 n.5.

¶5 Regarding the appellant's assertion that he was entitled to liquidated damages, the administrative judge found that the Board already had determined that the agency did not willfully violate his VEOA rights when it failed to select him as a result of its using the FCIP. AID at 6; Final Order at 6-7. She further found that, although the agency did not specifically comply with the Board's order to reconstruct the selection process, it offered the appellant a position within 30 days of receiving the Board's final order and had a good faith belief that it was not necessary to reconstruct the selection process under those circumstances. AID at 6. Thus, the administrative judge held that the agency did not willfully violate the appellant's veterans' preference rights when it failed to reconstruct the selection process pursuant to the Board's order, and she denied his request for liquidated damages. AID at 6-7. Finally, the administrative judge found that the Board was not authorized to award the appellant consequential damages or front pay as remedies under VEOA. AID at 7.

¶6 The appellant has filed a petition for review arguing that the administrative judge erred in failing to award him liquidated and other damages and expenses, benefits, and retirement credit. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 8, 11.

## ANALYSIS

### The appellant is not entitled to liquidated damages.

¶7 The appellant asserts on review that there is no evidence in the record that would support the administrative judge's findings that agency officials acted in good faith in believing that it was not necessary to reconstruct the hiring process.

PFR File, Tab 1 at 5-7. He contends that the administrative judge improperly assumed that the agency acted in good faith, the agency did not concede until March 29, 2013, that he was entitled to all of the positions at issue, and testimony from an equal employment opportunity proceeding showed that an agency human resources director was incompetent and not entitled to a presumption of regularity in executing her duties because she did not include "retention pay" in the first job offer made to the appellant. *Id.* at 5-9. The appellant asserts that, as in *Williams v. Department of the Air Force*, 116 M.S.P.R. 245 (2011), the agency's failure to comply with the Board-ordered reconstruction was willful. *Id.* at 9.

¶8       As the administrative judge found, the Board already had determined in its September 10, 2012 Final Order that the agency did not willfully violate the appellant's VEOA rights when it failed to select him for the four positions at issue as a result of its using the FCIP, which was a valid hiring authority at the time. AID at 6; *see* Final Order at 3, 6-7. The administrative judge further found that the agency did not willfully violate the September 10, 2012 Final Order by not reconstructing the hiring process. AID at 6-7. She reasoned that the agency was not required to do so because it extended its first job offer within 30 days of the order, and the job offer was an implicit admission that the appellant would have been selected for any of the four positions absent a VEOA violation. *Id.* This conclusion is supported by the fact that the job offer was retroactive to the date of the agency's selection for the first of the four vacancies. P-2 AF, Tab 1 at 15.

¶9       We agree with the administrative judge's reasoning. A violation is willful under 5 U.S.C. § 3330c(a) when the agency either knew or showed reckless disregard for whether its conduct was prohibited. *Williams*, 116 M.S.P.R. 245, ¶ 19. Reconstructing the selection process may be an appropriate remedy in a VEOA appeal when "it is unknown whether a veteran would have been selected for a position." *Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1316 (Fed. Cir. 2009). However, reconstruction is not required when it is

clear that the agency would have selected the veteran absent the VEOA violation. *See id.* at 1315-16. The record reflects that, after the Board issued its September 12, 2012 Final Order, the agency determined that it would have been obligated to select the appellant for any of the four positions at issue and made him an offer of a position less than 30 days later. CF, Tab 3 at 14, Tab 8 at 20. Under these circumstances, we agree with the administrative judge that the record does not indicate that the agency knew or showed a reckless disregard for whether its offer of one of the positions at issue, as opposed to reconstructing the selection process, could be considered a violation of a statute or regulation relating to veterans' preference.

¶10      Although the appellant asserts that there is no evidence that the agency's violation was not willful, he has the burden of proof on this issue. *See Williams*, 116 M.S.P.R. 245, ¶ 19. The administrative judge correctly found that the appellant did not meet his burden in this case. Moreover, even assuming a basis to question the competence of an agency human resources director, such possible incompetence would not establish knowing or willful disregard for the agency's compliance obligations.[2]      Nor are we persuaded by the appellant's unsubstantiated claim that the agency deliberately did not comply with the order to reconstruct the hiring process to increase his litigation costs. PFR File, Tab 1 at 5-6. Further, despite the appellant's assertion to the contrary, the Board did not find a willful violation in *Williams*. Rather, the Board remanded the issue to

---

[2] The appellant also argues that the human resources director may have "lied under oath" in connection with her testimony regarding whether she read an order for relief issued by the Equal Employment Opportunity Commission in a discrimination case filed by the appellant. PFR File, Tab 1 at 8-9. We have reviewed the testimony at issue and do not find any basis to overturn the administrative judge's implicit demeanor-based determination that the director was credible. P-2 AF, Tab 26 at 198-200; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed").

the administrative judge so that he could take evidence and argument and make findings on the willfulness issue. *See Williams*, [116 M.S.P.R. 245](), ¶ 22. In fact, the Board noted that the offer of a position may be evidence of an agency's intent to comply with the appellant's veterans' preference rights, and would warrant against a finding of willfulness, notwithstanding the appellant's apparent dissatisfaction with the terms of that offer. *Id.* Accordingly, the appellant has not shown an entitlement to liquidated damages because he has not shown that any violation by the agency of his rights under a statute or regulation relating to veterans' preference was willful.

The appellant is entitled to any loss of wages and benefits.

¶11        The appellant asserts that, contrary to the administrative judge's decision to award him wages but not benefits, he is entitled to "full status quo ante, make-whole relief" because numerous Board decisions, including *Lodge v. Department of the Treasury*, [107 M.S.P.R. 22]() (2007), and *Dow v. General Services Administration*, [116 M.S.P.R. 369]() (2011), hold that an aggrieved veteran need only sustain either a loss of wages or a loss of benefits to be entitled to status quo ante make-whole relief. PFR File, Tab 1 at 10; P-2 AF, Tab 25 at 8‒11. He asserts that a footnote in *Williams*, [116 M.S.P.R. 245](), ¶ 1 n.1, suggesting that a prevailing appellant is entitled to either wages *or* benefits, is dicta and should be overruled if it is not dicta because it is inconsistent with legislative intent and analogous remedial statutes. PFR File, Tab 1 at 10-11. The appellant contends that the Board and the U.S. Court of Appeals for the Federal Circuit have construed the statutory term "loss of wages or benefits" to be synonymous with "back pay and benefits," and that any ambiguity in the remedial statute must be resolved in favor of the veterans that the statute is intended to protect. *Id.* at 11-13. He also contends that a House Committee Report prepared when VEOA was under review indicates that a prevailing individual is entitled to "make-whole" relief. *Id.* at 13.

¶12 The starting point for every case involving statutory construction is the language of the statute itself. *Hall v. Office of Personnel Management*, 102 M.S.P.R. 682, ¶ 9 (2006). As relevant here, under 5 U.S.C. § 3330c(a), if the Board determines that an agency has violated VEOA, it "shall . . . award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved."

¶13 The administrative judge, relying on *Williams*, 116 M.S.P.R. 245, ¶ 1 n.1, ruled that the above statutory language only permits an award of lost wages *or* lost benefits, and awarded only lost wages in this case. AID at 5, 8. However, we note that the word "or" in statutes and regulations is sometimes ambiguous because it is subject to two different meanings, one disjunctive and one conjunctive. *Harris v. Department of State*, 24 M.S.P.R. 514, 518 (1984), *aff'd*, 785 F.2d 320 (Fed. Cir. 1985) (Table); *see Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 10 n.2 (2011) (holding that the word "or" has both an inclusive sense ("A or B [or both]") and an exclusive sense ("A or B [but not both]")). Thus, "or" may be interpreted to mean "and" if "more consistent with the legal intent." 1A Norman Singer, Sutherland Statutory Construction § 21:14 (7th ed. 2007); *see Willis v. United States*, 719 F.2d 608, 612 (2d Cir. 1983)[3] (observing that "or" can mean "and," depending on the context).

¶14 Here, we find that the phrase "any loss of wages or benefits" in section 3330c(a) requires the Board to award compensation for both wages *and* benefits if both of those types of losses have been incurred. It is well settled that "the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (citation

---

[3] *Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd per curiam*, 844 F.2d 775 (Fed. Cir. 1987) (finding that decisions of the Federal Circuit are controlling authority for the Board, whereas other circuit courts' decisions are persuasive, but not controlling, authority).

omitted). When Congress does not add any language limiting its scope, "any 'must' be read 'as referring to all' of the type to which it refers." *Tula-Rubio v. Lynch*, 787 F.3d 288, 293 (5th Cir. 2015) (quoting *Gonzales*, 520 U.S. at 5). Here, reading the phrase as a whole, we find that the Board is required to compensate an appellant for all types of losses that fall within the categories of wages or benefits. In fact, a Board decision and some language in a court decision issued after *Williams* have suggested that both wages and benefits may be recovered in a VEOA appeal. *See Dow*, 116 M.S.P.R. 369, ¶ 15 (ordering an agency to pay the appellant back pay and benefits); *see also Marshall*, 587 F.3d at 1317 (finding that a veteran was entitled to receive the difference "between the pay and benefits" he actually earned in his lower-grade Federal position and those he would have earned had an agency not violated his VEOA rights by failing to select him for a higher-grade position).

¶15        This interpretation is consistent with VEOA's purpose of assisting veterans in obtaining Federal employment. *Kirkendall v. Department of the Army*, 479 F.3d 830, 841 (Fed. Cir. 2007). VEOA "is an expression of gratitude by the [F]ederal government to the men and women who have risked their lives in defense of the United States." *Id.* The Board has recognized that VEOA is a remedial statute and, as such, should be construed broadly in favor of those whom it was intended to protect, and to suppress the evil and advance the remedy of the legislation. *Williams*, 116 M.S.P.R. 245, ¶ 8. We find that interpreting section 3330c(a) as requiring the Board to award compensation for any loss of wages *and* benefits serves to advance the gainful employment of veterans and the enforcement of the rights set forth in VEOA. *See Swentek v. Office of Personnel Management*, 76 M.S.P.R. 605, 614 (1997) (observing that it is the Board's task to interpret the words of a statute in light of the purpose Congress sought to serve). By contrast, a more narrow interpretation would, in essence, reward an agency that had violated the dictates of VEOA by permitting it to escape the

payment of either wages or benefits, thus placing it in a better position than it would have been in had it complied with the statute from the outset.

¶16 Moreover, in its discussion of the section of the bill that addresses the language at issue in this case, a U.S. House of Representatives Committee Report provides that "[a]n individual who prevails is entitled to 'make-whole' relief." H.R. Rep. No. 105-40, pt. 1, at 18 (1997). When this reference is read in conjunction with the statutory requirement that the Board award compensation for "any loss of wages or benefits suffered by the individual by reason of the violation involved," it is clear that an award of compensation for the loss of both wages *and* benefits comes closer to making the individual whole than an award of compensation for the loss of either wages or benefits.

¶17 Other statutes with language similar to that set forth at 5 U.S.C. § 3330c(a) have been interpreted as requiring an award of lost wages *and* benefits. The Veterans' Reemployment Rights Act (VRRA), which was the predecessor statute to the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), *see Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶¶ 9-10 (2010), provided that a court could "compensate [the person entitled to the benefits of the VRRA] for any loss of wages or benefits suffered by reason of such employer's unlawful action," *Novak v. Mackintosh*, 937 F. Supp. 873, 883 (D.S.D. 1996). Damages under the VRRA were "calculated as back wages and other benefits which the veteran would have received had she been reemployed." *Id.*

¶18 In addition, the remedial provisions of USERRA also provide "for any loss of wages or benefits." 38 U.S.C. § 4324(c)(2). The Board has interpreted the language of this provision as entitling an appellant to lost wages and benefits as a remedy. *See Erickson v. U.S. Postal Service*, 120 M.S.P.R. 468, ¶¶ 13, 17 (2013); *Randall v. Department of Justice*, 105 M.S.P.R. 524, ¶ 12 (2007) (finding that the appellant may be entitled to "lost wages and benefits" if the agency violated

USERRA); *Lee v. Department of Justice*, 99 M.S.P.R. 256, ¶¶ 23-24 (2005) (finding that USERRA provides for both lost wages and benefits).

¶19 Congress enacted USERRA in 1994, *see Lee*, 99 M.S.P.R. 256, ¶ 15, before it enacted VEOA in 1998, *see Buckheit v. U.S. Postal Service*, 107 M.S.P.R. 52, ¶ 10 (2007). When Congress adopts a new law incorporating a section of a prior law without change, Congress is presumed to have been aware of the administrative or judicial interpretation of the incorporated sections and to have adopted that interpretation. *Fitzgerald v. Department of Defense*, 80 M.S.P.R. 1, 14 (1998), *aff'd*, 230 F.3d 1373 (Fed. Cir. 1999) (Table). Further, generally words and phrases in a statutory provision that were used in a prior act pertaining to the same subject matter will be construed in the same sense. *Santella v. Special Counsel*, 90 M.S.P.R. 172, ¶ 7 (2001), *aff'd*, 328 F.3d 1374 (Fed. Cir. 2003). Here, therefore, we find that the phrase "any loss of wages or benefits," which was construed in analogous earlier statutes, such as the VRRA and USERRA, as meaning any loss of wages *and* benefits, is presumed to have the same meaning in VEOA.

¶20 We acknowledge that in *Williams*, 116 M.S.P.R. 245, ¶ 1 n.1, the Board reminded the parties and the administrative judge that VEOA "only permits an award of lost wages *or* benefits" (emphasis supplied). The administrative judge relied upon the footnote in *Williams* in adjudicating this case. Nevertheless, we find that the language in the *Williams* footnote is an incidental or collateral opinion that was not essential to the disposition of the case, *see Smith v. Orr*, 855 F.2d 1544, 1550 (Fed. Cir. 1988) (holding that a court is not bound by general expressions of opinion that were not essential to the disposition of prior cases), and includes no analysis supporting its interpretation of section 3330c(a). There is not, for example, any analysis of the context of the language in question, nor is there any mention of the legislative history of VEOA or the Board's interpretation of the comparable VRRA and USERRA provisions. In addition, there is no mention in the *Williams* footnote of a prior Board decision in *Lodge*, a

VEOA appeal, in which the Board held that an individual may be entitled to the remedies of back pay and compensation for loss of benefits if it is determined that he would have been hired by the agency in the absence of a violation of his rights. 107 M.S.P.R. 22, ¶ 15. Accordingly, based on the above analysis, we overrule the footnote in *Williams* to the extent that it is inconsistent with this decision and find that the appellant is entitled to be compensated for any loss of wages and benefits he suffered from September 5, 2006, until October 17, 2012.[4] AID at 5, 8.

¶21        As to the scope of those benefits, the appellant seeks Civil Service Retirement System (CSRS) service credit and Social Security credit for any period of service at issue in this case. PFR File, Tab 1 at 20-26. The VEOA statute does not define the term "benefits." *See, e.g.*, 5 U.S.C. §§ 3330a-3330c. However, the term "benefit" is defined in USERRA broadly to include "privileges of employment," such as "rights and benefits under a pension plan." 38 U.S.C. § 4303(2). As set forth above, Congress enacted USERRA before it enacted VEOA, and they are similar remedial statutes. Thus, we construe the term "benefit" to have the same meaning in the two statutes. Under these circumstances, we find that the appellant is entitled to lost wages and "benefits"

---

[4] The appellant asserts on review that the Board should award him lost wages and benefits through March 29, 2013, when the agency conceded that he would have been entitled to the positions at issue but for its violating his veterans' preference rights. PFR File, Tab 1 at 18-19; CF, Tab 8 at 5‑15, 19. We agree, however, with the administrative judge's determination that the award period ends on October 17, 2012, when the appellant declined the agency's job offer. AID at 5 & n.4; *see Marshall*, 587 F.3d at 1312, 1318 (finding a veteran entitled to lost wages or benefits from the date of the selection that violated his veterans' preference rights until he was placed in, or declined, the position at issue).

as that term is defined at 38 U.S.C. § 4303(2), including CSRS service credit and Social Security credit.[5]

The Board is not authorized to award consequential damages, out-of-pocket expenses, or front pay under VEOA.

¶22    The appellant contends that the administrative judge erred when she concluded that his claim for out-of-pocket expenses constituted a request for consequential damages and denied that request.  PFR File, Tab 1 at 14.  In this regard, he contends that the administrative judge did not identify the meaning of "consequential damages," and that consequential damages in the context of an employment discrimination case include physical and emotional pain and suffering.  *Id.* at 15.  He argues that he is seeking, by contrast, only "purely economic, verified, actual monetary losses, which can only be directly attributed to [the agency's] violation of the VEOA."  *Id.*  The appellant contends that the wages he earned from his job with the Department of the Air Force while the agency did not select him for the positions in question were "lost" when he incurred expenses that he otherwise would not have had to spend if he had been selected.  *Id.* at 16.  The appellant asserts that the Board is authorized to award him "front pay" extending from the date of his actual retirement until the date he would have retired if selected for one of the four vacancies.  *Id.* at 17-18.

¶23    The administrative judge held that the Board is not authorized under VEOA to award consequential damages or front pay as remedies.  AID at 7.  We agree.  As set forth above, if an agency violates a right under VEOA, the Board shall order the agency to comply with such provisions and award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved.  5 U.S.C. § 3330c(a).  If the violation is willful, the Board shall award

---

[5] In light of this holding, we vacate the administrative judge's finding that the appellant first was required to obtain a final decision from the Office of Personnel Management on his CSRS service-credit request.  AID at 5 n.5.

an amount equal to back pay as liquidated damages. *Id.* There is no indication in the VEOA statute that the Board is authorized to award out-of-pocket expenses, regardless of whether they are referred to as consequential damages or front pay. *See* 5 C.F.R. § 1201.202(b)-(c) (listing the statutes that authorize the Board to award consequential and compensatory damages); *cf.* 5 U.S.C. § 1221(g)(1)(A)(ii) (authorizing the Board to order corrective action in a whistleblower appeal that may include, among other things, reasonable and foreseeable consequential damages). The Board may not create new remedies that Congress may have overlooked. *King v. Jerome*, 42 F.3d 1371, 1375-76 (Fed. Cir. 1994). Accordingly, we grant the petition for review and affirm the addendum initial decision as modified by this Opinion and Order, awarding the appellant compensation for any loss of wages and benefits suffered for the time period in question.

## ORDER

¶24 We ORDER the agency to pay the appellant lost wages and benefits from September 5, 2006, until October 17, 2012. *See* 5 U.S.C. § 3330c(a); *Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984); 5 C.F.R. § 1208.25(a). The agency must complete this action no later than 60 days after the date of this decision.

¶25 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶26 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶27    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶28    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the U.S. Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

| | **DFAS CHECKLIST** |
|---|---|
|  | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc., with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.