**Charles M. MILLNER, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3267.

United States Court of Appeals, Federal Circuit.

March 8, 2004.

Rehearing En Banc Denied May 11, 2004.

Charles M. Millner, Of Counsel, Andrews, IN, pro se.

Phyllis Jo Baunach, Principal Attorney, David M. Cohen, Franklin E. White, Jr., Of Counsel, Washington, DC, Clarence J. McClane, Cathy J. Burris, Of Counsel, Indianapolis, IN, for Respondent.

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Charles M. Millner ("Millner") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), No. CH–3443–03–0374–I–1, that sustained his non-selection by the Department of Veterans Affairs ("Department") for the position of Supervisory General Engineer. Because Millner's rights under the Veterans Employment Opportunities Act of 1998 ("Act"), 5 U.S.C. § 1330a *et seq.*, were not violated, we *affirm.*

## BACKGROUND

On September 11, 2002, the Department requested the Delegated Examining Unit ("Examining Unit") at Topeka, Kansas, advertise for the position of Supervisory General Engineer, GS–12/13, for the Veterans Administration Northern Indiana Health Care System, Ft. Wayne, Indiana, Medical Center. The Examining Unit issued an announcement that was open from October 7 through October 18, 2002. Millner is a preference-eligible veteran under the Act. Millner timely applied for the position, but his application was rated ineligible on November 9, 2002 because he had omitted information required to evaluate whether he qualified for the position. Specifically, Millner omitted the average number of hours he worked at prior employment and documentation supporting his ten-point preference eligibility.

On November 9, 2002, the Department issued two initial certificates of eligible candidates, for GS–12 and GS–13 respectively. Millner's name was not listed on either of the original certificates. On November 19, 2002, Millner resubmitted his application with the deficiencies corrected. Thereafter, the Department issued a supplemental certificate that listed Millner as eligible for the GS–13 position.

Three candidates on the GS–13 certificate were interviewed and one candidate was selected for the position. Millner was not interviewed. By letter of December 20, 2002, Millner was informed that he had not been selected for the position. The selected candidate eventually declined the offer, and subsequently the Department withdrew its approval to fill the position. Millner sought resolution of the matter with the Secretary of Labor, who denied his complaint.

On March 10, 2003, Millner filed an appeal with the Board, claiming that the Department violated the Act by not considering his application. In an initial decision dated June 30, 2003, the administrative judge denied Millner's claim. The initial decision became a final decision of the Board on August 3, 2003.

Millner appealed the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Abell v. Dep't of the Navy,* 343 F.3d 1378, 1382–83 (Fed.Cir.2003). Statutory construction is a question of law that

we review de novo. *James v. Santella*, 328 F.3d 1374, 1377 (Fed.Cir.2003).

Under the Act, certain veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1).

First, Millner argues that because he is a preference-eligible veteran, the Department was required either to amend the original certificate of eligible applicants or to oblige the selecting officer to consider him along with the applicants listed in the original certificate. He contends that his status as a preference-eligible veteran allowed his application to be submitted, without prejudice, until someone was selected for the position. Millner relies on a passage from a veterans' handbook that states in relevant part:

> A 10–point Preference eligible may file a job application with an agency at any time. If the applicant is qualified for positions filled from a register, the agency must add the candidate to the register, even if the register is closed to other applicants.

Cited in Appellant's Br. at 16 (citing 5 U.S.C. §§ 3305, 3314 and 5 C.F.R. §§ 332.311, 332.312, 332.321, 332.322). However, 5 U.S.C. §§ 3305, 3314 and associated CFR sections relate to positions filled through registers, for which applicants must take an examination. *See, e.g.,* 5 C.F.R. § 332.312. Because Millner applied for a position advertised through a vacancy announcement, this passage and the associated statutes and regulations are inapplicable. Instead the Board properly relied on § 6.3.B.1.a and associated sections in the Office of Personnel Management's "Delegated Examining Operations Handbook" to determine that Millner's application was appropriately processed.

Second, Millner argues that the Department's decision to cancel the vacancy announcement for the Supervisory General Engineer position deprived him of his opportunity to compete for that position under the Act. The Board correctly recognized that the Department's decision not to fill the position is entirely within its discretion. *Abell*, 343 F.3d at 1383 ("An agency may cancel a vacancy announcement for any reason that is not contrary to law."). Thus, the Department's decision to cancel the vacancy announcement and not to fill the position for which Millner applied does not violate Millner's rights under the Act.

Millner's remaining arguments have been considered and are found to be without merit. For these reasons, the decision of the Board is affirmed.