## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2022 MSPB 23

Docket No. CH-3330-17-0162-I-1

**Timothy M. Schultz,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

July 22, 2022

<u>Christopher C. Fry</u>, Dubuque, Iowa, for the appellant.

<u>Gina M. Ozelie</u>, Milwaukee, Wisconsin, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and ORDER corrective action.

## BACKGROUND

¶2 The appellant is a veteran entitled to a 10-point preference based on his service-connected disabilities. Initial Appeal File (IAF), Tab 5 at 75-76. On

July 15, 2016, the agency issued Vacancy Announcement IC-16-339-JRS-1747909-BU for a Medical Support Assistant position, GS-0679-03/05, at the Community Based Outpatient Clinic (CBOC) in Dubuque, Iowa. *Id.* at 139. The appellant applied for the position but was not selected. *Id.* at 69, 118.

¶3 On November 14, 2016, the appellant timely filed a veterans' preference complaint with the Department of Labor (DOL) regarding the nonselection. IAF, Tab 1 at 6-7. In response to his complaint, the agency acknowledged that the appellant had applied for the position, that it had selected another candidate, and that it had violated the appellant's veterans' preference rights in the process. IAF, Tab 5 at 69. As a remedy, the agency reported that it had placed the appellant on a priority placement list for 120 days for the Dubuque CBOC and that it had provided its human resources staff with additional training about veterans' preference and changed its staffing processes. *Id.*

¶4 In response, the DOL investigator assigned to the case informed the agency that placing the appellant on a priority certification list for 120 days was not a remedy for violating veterans' preference laws. *Id.* at 65. Rather, he explained that the required remedy included reannouncing the position to allow the appellant to compete for the position while being afforded his veterans' preference rights or hiring the appellant to a comparable GS-5 level position at the Dubuque CBOC. *Id.* The investigator also determined that the appellant's veterans' preference rights were violated and that his case had merit. *Id.* at 66. As a result, he requested that the agency reexamine the appellant's application and provide him consideration for the position advertised under Vacancy Announcement IC-16-339-JRS-1747909-BU as a resolution to the complaint. *Id.* The agency responded to the DOL investigator by stating that it had canceled the previous vacancy announcement and restored the selected employee to his previous position within the organization and that it would be announcing the position under a new vacancy announcement. *Id.* at 56-59. The agency notified

the appellant via email that it had canceled the vacancy announcement and that the position would be reannounced. *Id.* at 18.

¶5 On December 23, 2016, the agency issued new Vacancy Announcement IC-17-162-JRS-1881799-BU for a Medical Support Assistant position, GS-0679-03/05, at the Dubuque CBOC. *Id.* at 12. The appellant did not apply under the new vacancy announcement. *Id.* at 10. On December 29, 2016, the DOL investigator informed the agency that the appellant's veterans' preference claim had been found to have merit and that the appellant had elected to pursue the complaint directly with the Board. *Id.* at 11. This appeal followed. IAF, Tab 1.

¶6 The administrative judge advised the appellant of his burden of proving his VEOA claim. IAF, Tab 3. After holding the requested hearing telephonically, the administrative judge issued a decision denying the appellant's request for corrective action. IAF, Tab 19, Initial Decision (ID) at 1-2. He found that the agency conceded that it had violated the appellant's veterans' preference rights in conjunction with the original vacancy announcement. ID at 6. Nevertheless, he found that the appellant failed to show that the agency's decision to reannounce the position violated his veterans' preference rights. ID at 8. He found no merit to the appellant's argument that the sole remedy for curing the agency's violation under the original announcement was to offer him the position, concluding that the statute only entitled him to consideration, not selection. *Id.* He further found that the reannouncement of the position provided equal advantages to all veterans who applied under the first vacancy and fully comported with the legal requirements necessary to reconstruct the selection process. ID at 8-9.

¶7 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, he acknowledges that a proper remedy for the agency's violation of his veterans' preference rights would not include a guarantee that the agency select him for the position. *Id.* at 5. Rather, he argues that the agency's decision to reannounce the vacancy did not constitute a proper reconstruction of

the selection because it was not based on the same circumstances surrounding the original selection. *Id.* The agency has filed a response in opposition. PFR File, Tab 3.

## ANALYSIS

The agency's reannouncement of the original vacancy does not constitute a proper reconstruction under veterans' preference laws.

¶8 The agency concedes that it violated the appellant's veterans' preference rights when it considered his application under Vacancy Announcement IC-16-339-JRS-1747909-BU. IAF, Tab 5 at 69. It is not clear, however, whether the appellant would have been selected absent the violation. Thus, the proper remedy under VEOA is to reconstruct the selection process for the position. *See Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 21 (2010); *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 18 (2006); *see also Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1316 (Fed. Cir. 2009) ("[R]econstruction may be an appropriate way to comply in situations where it is unknown whether a veteran would have been selected for a position."); *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1325 (Fed. Cir. 2009) (finding that "an offer of prospective relief, such as priority consideration for a future job opening," was insufficient to remedy the agency's failure to credit the appellant's military experience as part of his application). To properly reconstruct a selection, an agency must conduct an actual selection process based on the same circumstances surrounding the original faulty selection. *Russell v. Department of Health & Human Services*, 120 M.S.P.R. 42, ¶ 13 (2013). This includes taking the original selectee out of the position, conducting and evaluating interviews so that they are meaningfully comparable with the original selectee's interview, and filling the same number of vacancies as before. *Id.*

¶9 Here, although the agency attempted to comply with one of the remedies proffered by the DOL investigator, it did not conduct a selection process based on the same circumstances surrounding the original selection and, therefore, it never

remedied its original faulty selection process. Accordingly, we find that the agency's efforts to remedy its violation fell short of the law's requirements.[1] *See Phillips*, 114 M.S.P.R. 19, ¶ 21.

ORDER

¶10    We ORDER the agency to reconstruct the hiring process for Vacancy Announcement IC-16-339-JRS-1747909-BU consistent with this Opinion and Order. The agency must complete this action no later than 30 days after the date of this decision.

¶11    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶12    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶13    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

[1] Even if DOL had found that the agency's reannouncement of the vacancy was a sufficient remedy under VEOA, which it did not, the Board has held that Congress did not intend for DOL to have the final word as to what constitutes an appropriate remedy for a violation of veterans' preference rights. IAF, Tab 5 at 11; *see Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 17 (2008).

NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (U.S.C.), section 3330c(b). The regulations may be found at 5 C.F.R. §§ 1201.202, 1201.203, and 1208.25. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST DAMAGES

You may be entitled to be compensated by the agency for any loss of wages or benefits you suffered because of the violation of your veterans' preference rights. 5 U.S.C. § 3330c(a); 5 C.F.R. § 1208.25(a). If you are entitled to such compensation, and the violation is found to be willful, the Board has the authority to order the agency to pay an amount equal to back pay as liquidated damages. 5 U.S.C. § 3330c(a); 5 C.F.R. § 1208.25(a). You may file a petition seeking compensation for lost wages and benefits or damages with the office that issued the initial decision on your appeal WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.