# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN PATRICK BURNETT,
           Appellant,

           v.

FEDERAL DEPOSIT INSURANCE
      CORPORATION,
           Agency.

DOCKET NUMBER
DC-3330-21-0421-I-2

DATE:  December 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Patrick Burnett, Stockton, California, pro se.

Antonier Lee White, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in this Veterans Employment Opportunities Act of 1998 (VEOA) appeal and ordered the agency to reconstruct the selection process for vacancy announcement 2019-HQD-0262.  On review, the agency contends that the administrative judge erred when she determined that the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

2022 reconstructed selection process was improper, and she ordered the agency to undertake a second reconstructed selection process. *Burnett v. Federal Deposit Insurance Corporation*, DC-3330-21-0421-I-2, Petition for Review (PFR) File, Tab 1 at 4, 8-13. The agency's argument is not persuasive.

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency conceded that the appellant was minimally qualified for vacancy announcement 2019-HQD-0262, he was mistakenly omitted from consideration, and it violated his veterans' preference rights during the original 2019 selection process. *Burnett v. Federal Deposit Insurance Corporation*, DC-3330-21-0421-I-1, Initial Appeal File (IAF), Tab 5 at 5; PFR File, Tab 1 at 5. Under these circumstances, the only remedy was for the agency to properly reconstruct the selection process. *Schultz v. Department of Veterans Affairs*, 2022 MSPB 23, ¶ 8. We agree with the administrative judge that the 2022 reconstructed selection process does not satisfy the agency's obligations under

VEOA. *Burnett v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-3330-21-0421-I-2, Appeal File (I-2 AF), Tab 43, Initial Decision (ID) at 6-7. To properly reconstruct the hiring process, the agency must rely on the circumstances at the time of the original selection, including taking the original selectee out of the position, comparing the application of the original selectee with the appellant's application, and filling the same number of positions during the reconstructed process as it did in the original one. *Schultz*, 2022 MSPB 23, ¶ 8; *Russell v. Department of Health and Human Services*, 120 M.S.P.R. 42, ¶ 13 (2013); *Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 19 (2010); *Williams v. Department of the Air Force*, 110 M.S.P.R. 451, ¶¶ 8, 10 (2009). The agency's 2022 reconstructed selection process did not rely on circumstances as they existed at the time of the original 2019 nonselection. For example, the agency used a different selecting official,[2] it canceled the vacancy announcement during the reconstructed selection process based on circumstances that occurred in 2022,[3] and it did not select any applicants.[4] *See, e.g.*, *Marshall v. Department of Health and Human Services*, 587 F.3d 1310, 1316 (Fed. Cir. 2009) ("[R]econstruction does not allow an agency to conduct a new selection process under new circumstances."). For these reasons, the agency never remedied its original flawed selection process for vacancy announcement 2019-HQD-0262.[5] *Schultz*, 2022 MSPB 23, ¶ 9.

---

[2] It is not clear why the agency used a different selecting official during the 2022 reconstructed selection process when the selecting official in the 2019 selection process was a current agency employee. I-2 AF, Tab 11 at 29-30, Tab 39 at 75.

[3] The agency explained that the Chairman was leaving her position, and there was no longer a need for a Senior Policy Analyst in her office. I-2 AF, Tab 39 at 75.

[4] The agency does not appear to challenge that the appellant has a compensable service connected disability rating of 30% or more. IAF, Tab 11 at 23, 61. Therefore, if it does not wish to select the appellant during the second reconstructed selection process, it must seek passover authority from the Office of Personnel Management and provide the requisite notice to the appellant of the proposed passover. 5 U.S.C. § 3318(c)(2); *see* 5 C.F.R. § 332.406 (a)(1) ("OPM retains exclusive authority to approve the sufficiency of an agency's request to pass over preference eligibles who are [30%] or more compensably disabled.").

**ORDER**

We ORDER the agency to reconstruct the hiring process for Vacancy Announcement 2019-HQD-0262 consistent with this Order. The agency must complete this action no later than 30 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), section 3330c(b). The regulations may be

---

[5] The agency relies on *Millner v. Department of Veterans Affairs*, 93 F. App'x 223, 225 (Fed. Cir. 2004), to support its proposition that a decision to cancel a vacancy announcement does not violate veterans' preference rights. PFR File, Tab 1 at 9. However, the agency's decision to cancel the vacancy announcement in 2022 did not occur in a vacuum. Rather, the agency's decision to cancel the vacancy announcement during the 2022 reconstructed selection process was not based on circumstances that existed during the 2019 original selection process, as required. Accordingly, *Millner* is distinguishable from this matter.

found at 5 C.F.R. §§ 1201.202, 1201.203, and 1208.25. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST DAMAGES

You may be entitled to be compensated by the agency for any loss of wages or benefits you suffered because of the violation of your veterans' preference rights. 5 U.S.C. § 3330c(a); 5 C.F.R § 1208.25(a). If you are entitled to such compensation, and the violation is found to be willful, the Board has the authority to order the agency to pay an amount equal to back pay as liquidated damages. 5 U.S.C. § 3330c(a); 5 C.F.R § 1208.25(a). You may file a petition seeking compensation for lost wages and benefits or damages with the office that issued the initial decision in your appeal WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

*Jennifer Everling*

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.