**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PIERSON B. GOODMAN,
                Appellant,

DOCKET NUMBER
DC-3330-21-0318-M-1

v.

DEPARTMENT OF DEFENSE,
                Agency.

DATE: May 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, Washington, D.C., for the appellant.

Sara K. Achinger, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the remand initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, for the reasons set forth below, we VACATE the remand initial decision and DENY the appellant's request for corrective action.

## BACKGROUND

On March 25, 2021, the appellant filed an appeal with the Board alleging that the agency violated his veterans' preference rights pursuant to VEOA when it denied him the opportunity to compete for a vacancy open between November 19 and December 7, 2020, for which he had applied[2] despite his entitlement to consideration based on his status as a preference eligible veteran. *Goodman v. Department of Defense*, MSPB Docket No. DC-3330-21-0318-I-1, Initial Appeal File (IAF), Tab 1 at 6, 9-10. Specifically, he asserted that the Department of Defense improperly found him ineligible for the position because it erroneously concluded that he failed to provide the requested documentation confirming his veterans' preference status. *Id*. at 6. He also indicated in his initial appeal that he exhausted these claims with the Department of Labor (DOL), and he included with his appeal a closing letter wherein DOL determined that he failed to show that his veterans' preference rights were violated. *Id*. at 6, 9-13, 34-35.

---

[2] The vacancy announcement for which the appellant applied was OS-DTRA-21-10969099-MP, a United Kingdom Combatant Command Representative position at the GS-0301-14 and GS-0301-15 levels. IAF, Tab 4 at 8, Tab 6 at 21-29.

While the appellant's initial appeal was pending with the administrative judge, the agency voluntarily rescinded its job offer to the selectee and requested that the entire vacancy announcement and selection process be reconstructed. IAF, Tab 6 at 32. After reconvening the original hiring panel to rate all the applicants on the new certificate of eligible applicants, which included the appellant, the agency did not select the appellant for the position. *Id*. at 36. In a pleading before the Board, the agency asserted that these actions divested the Board of its jurisdiction over the appeal. *Id*. at 9.

Without providing the appellant with an opportunity to respond, the administrative judge issued an initial decision finding that, because the agency reconstructed the selection process and included the appellant on the certificate of eligible applicants, it afforded him the appropriate remedy for a violation of his veterans' preference rights—the right to compete for the position. IAF, Tab 7, Initial Decision (ID) at 5-7. Accordingly, she dismissed the appeal for lack of jurisdiction. ID at 7. Thereafter, the appellant appealed the initial decision to the U.S. Court of Appeals for the Federal Circuit. In an unopposed motion, the Board requested that the Federal Circuit remand the matter so that the appellant could respond to the agency's argument and evidence regarding the reconstructed selection process. *Goodman v. Department of Defense*, MSPB Docket No. DC-3330-21-0318-L-1, Litigation File (LF), Tab 8. The court granted the motion and remanded the appeal to the Board to allow the appellant to address the evidence concerning the reconstructed selection process. LF, Tab 9.

Following remand to the Board, the administrative judge provided the parties with an opportunity to address the reconstructed selection process and, without holding a hearing, issued a remand initial decision on June 22, 2022, dismissing the appeal as moot.[3] *Goodman v. Department of Defense*, MSPB Docket No. DC-3330-21-0318-M-1, Remand File (RF), Tab 14, Remand Initial

---

[3] The administrative judge who issued the remand initial decision was not the same administrative judge who had previously handled the appeal. RF, Tab 9.

Decision (RID). In the remand initial decision, the administrative judge found that the appellant's arguments regarding the insufficiency of the reconstructed selection process were without merit, and specifically, that the agency's failure to conduct new interviews "did not violate the appellant's right to compete." RID at 4-5. Thus, she concluded that the appellant could not show that the agency failed to correct its prior VEOA violation because the agency had considered the appellant for the position at issue in its reconstructed selection process.[4] RID at 6. Finally, she found that the appellant failed to prove that he was entitled to an award of monetary or liquidated damages because he did not prove that he was entitled to the position. RID at 3-4, 6.

The appellant has filed a petition for review of the remand initial decision, arguing, among other things, that the reconstruction process was insufficient, and that the agency's failure to conduct interviews was not in line with the Board's decision in *Schultz v. Department of Veterans Affairs*, 2022 MSPB 23. Petition for Review (PFR) File, Tab 3 at 13-16. In response, the agency argues that, in accordance with *Oram v. Department of the Navy*, 2022 MSPB 30, the appellant was not entitled to corrective action under 5 U.S.C. § 3304(f) as a matter of law because he was a civilian Federal employee in the competitive service at the time he applied for the vacancy. PFR File, Tab 5 at 4-5. The appellant did not reply to the agency's response.

---

[4] Although the administrative judge refers to the agency's "previous VEOA violation" in her remand initial decision, RID at 6, neither DOL, nor the Board, nor the Federal Circuit issued a finding that the agency violated the appellant's veterans' preference rights. IAF, Tab 1 at 34-35, Tab 7; LF, Tab 9. However, because the agency rescinded its offer and reconstructed the selection process, it appears that the administrative judge assumed that there had been a VEOA violation. Because this assumption does not impact the outcome of this matter, we do not address it. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## DISCUSSION OF ARGUMENTS ON REVIEW

Section 3304(f)(1) of Title 5 of the U.S. Code expressly provides preference eligibles with a right to compete for vacant positions when the agency issuing the vacancy announcement indicates that it will accept applications from outside its own workforce. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 8 (2010). However, in *Oram*, 2022 MSPB 30, ¶ 17, the Board found that, as a matter of law, individuals who are already Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f).

In reaching that result, the Board relied on the decision of the Federal Circuit in *Kerner v. Department of the Interior*, 778 F.3d 1336, 1338-39 (Fed. Cir. 2015). There, the court found that, because the appellant was already employed in the Federal civil service, 5 U.S.C. § 3304(f)(1) was inapplicable in his case. After reviewing the text and legislative history of VEOA and its precursor, the Veterans' Preference Act, the Federal Circuit concluded that nothing in the statutory language, the legislative history, or case law supports a presumption that the "opportunity to compete" provisions in section 3304 apply in instances in which an applicant already was employed by the Federal civil service, but rather that the intent of those provisions was to assist veterans in obtaining an initial appointment to the Federal service—not subsequent promotions or other intra-agency movement. *Kerner*, 778 F.3d at 1338. The court further reasoned that, because veterans currently employed in a competitive-service position are already "eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(f). *Id*.

Here, it appears that the appellant was a Federal employee at the time that he applied for the position at issue. First, according to the appellant's Certificate of Release or Discharge From Active Duty, he was discharged on February 1, 2015. IAF, Tab 1 at 21. Then, as part of the appellant's February 8, 2021 DOL

complaint, he attached a Standard Form 50 "reflecting his current position" as a Supervisory Intelligence Specialist with the Department of the Army, with a pay grade of GG-14. *Id*. at 9-10, 23. Furthermore, the appellant, who is represented by counsel, did not respond to the agency's assertions that he was already a Federal employee in the competitive service at the time he applied, PFR File, Tab 5, even though the Board's regulations allowed him an opportunity to reply,[5] 5 C.F.R. § 1201.114(a)(4).

Accordingly, we conclude that, at the time the appellant applied for the position at issue in this appeal, he was a Federal employee in the civil service. Therefore, he cannot prevail as a matter of law on his argument that he was denied the opportunity to compete under 5 U.S.C. § 3304(f). *See Oram*, 2022 MSPB 30, ¶ 17. For this reason, we need not address the appellant's arguments below and on review regarding the sufficiency of the reconstructed selection process. Furthermore, we vacate the remand initial decision dismissing this appeal as moot, and deny the appellant's request for corrective action, finding that he cannot prevail as a matter of law.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5] The appellant was notified of his right to reply to the agency's response to his petition for review in the acknowledgment letter issued by the Office of the Clerk of the Board. PFR File, Tab 4 at 1.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.